# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REO DARVILLE,**

       **Plaintiff,**

**v.**                                          **Case No:   6:16-cv-297-Orl-40KRS**

**JODY R. STACY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **February 19, 2016** |

**I.   BACKGROUND.**

On February 19, 2016, Plaintiff filed a complaint in this Court. Doc. No. 1. He asserts a single claim, under 42 U.S.C. § 1983, which is predicated on Defendant allegedly "defrauding the [P]laintiff out of funds." Doc. No. 1, at 1. He states that he paid Defendant $625.00 "to conduct an independent investigation into his Global Positioning Systems (GPS) navigational devices," but that Defendant did not conduct the investigation and did not offer a refund. *Id.* at 1, 3.

On the same day that he filed his complaint, Plaintiff also filed a Motion to Proceed in Forma Pauperis. Doc. No. 2. The presiding District Judge has referred that motion to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

**II.   ANALYTICAL STANDARD.**

Federal courts may allow an individual to proceed *in forma pauperis* if she "submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Under that statute, a court shall dismiss the case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A cause of action is frivolous if it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)) (internal quotation marks omitted). A court may dismiss a claim as factually frivolous if the facts alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

While a *pro se* pleading should be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008)[1] (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

of action will not do." *Twombly*, 550 U.S. at 555.  A properly pled complaint, therefore, must "nudge[] the[] claims across the line from conceivable to plausible."  *Id.* at 570.

**III.   DISCUSSION.**

Plaintiff's complaint is due to be dismissed for failure to state a claim on two separate grounds.  First, to state a claim under § 1983, a plaintiff must allege that he "was deprived of a federal right by a person acting under color of state law."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  The "under color of state law" requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  Plaintiff has pled no facts suggesting that Defendant engaged in anything other than purely private conduct.   Instead, the complaint merely indicates that Plaintiff found Defendant while searching for a private investigator, and that Defendant allegedly failed to honor the parties' subsequent agreement.  Absent some facts indicating that Plaintiff was deprived of a right "under color of state law," Plaintiff's claim is deficiently pled.

Second, "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights."  *Almand v. DeKalb County*, 103 F.3d 1510, 1512 (11th Cir. 1997).  As a result, "a tort claim based purely on state law cannot be brought under § 1983."  *Sarver v. Jackson*, 344 F. App'x 526, 529 (11th Cir. 2009).[2]  While Plaintiff's allegations of being defrauded may suggest a state law fraud claim,[3] he has identified no federal statutory or constitutional right that Defendant violated.  Accordingly, he has not established a valid claim under § 1983.

Based on the above, Plaintiff's complaint, as presently pled, is subject to dismissal. Because Plaintiff is proceeding *pro se*, however, I recommend that he be granted leave to file an

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[3] Plaintiff has not alleged facts that would independently permit the Court to exercise subject matter jurisdiction over such a state law claim.

- 3 -

amended complaint. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Such a complaint, if filed, should include facts that remedy the foregoing deficiencies and must be pled in accordance with Federal Rule of Civil Procedure 11. Alternatively, Plaintiff may file his complaint in the appropriate state court.

## IV.   RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **DISMISS without prejudice** Plaintiff's complaint (Doc. No. 1);

2. **TERMINATE** Plaintiff's Motion to Proceed in Forma Pauperis (Doc. No. 2);

3. **GRANT** Plaintiff leave to file an amended complaint and renewed motion to proceed *in forma pauperis* within a time frame set by the Court; and

4. **ADVISE** Plaintiff that the failure to file an amended complaint and renewed motion to proceed *in forma pauperis* within the time permitted by the Court will result in dismissal of the case without further notice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 29, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE